NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD T. CANETE, | Civil Action No. 12-7222 (ES) |
| Plaintiff, | OPINION |
| v. | |
| BARNABAS HEALTH SYSTEM, NEWARK BETH ISRAEL MEDICAL CENTER, JOHN BRENNAN, ZACHARY LIPNER, JOANNE REILLY, MARY ELLEN WIGGINS, HELEN HARTNEY, JOHN DOES 1-10, JANE DOES 1-10, ABC CORPORATIONS A THROUGH Z, | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court upon motion by Defendants Barnabas Health[1], Newark Beth Israel Medical Center ("NBIMC"), John Brennan, Zachary Lipner, Mary Ellen Wiggins[2], Helen Hartney, John Does 1-10, Jane Does 1-10, and ABC Corporations A through Z (collectively, "Defendants")[3] seeking partial dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] Improperly pled as "Barnabas Health System."

[2] Improperly pled as "Maryellen Wiggins."

[3] Defendant Joanne Reilly has not yet been served by Plaintiff so the instant motion is filed on behalf of all Defendants, except Joanne Reilly.

The Court has considered the parties' submissions in support of and in opposition to the instant motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court GRANTS Defendants' motion for partial dismissal.

## I.     Background

Plaintiff Bernard T. Canete ("Plaintiff") is a sixty-eight year-old Registered Nurse presently assigned to the Crisis Unit in the Emergency Department at NBIMC. (D.E. No. 1, Plaintiff's Complaint ("Compl.) ¶¶ 10-11). Plaintiff is originally from the Philippines, and has worked at NBIMC for twenty-two years. (*Id.* ¶¶ 11-12). Plaintiff is also a veteran of the United States Army, having attained the level of Lieutenant Colonel. (*Id.* ¶¶ 12-13). Defendant Brennan, MD, is the CEO of NBIMC. (*Id.* ¶ 4). Defendant Lipner is the Vice President of Human Resources at NBIMC. (*Id.* ¶ 5). Defendant Wiggins is the Assistant Vice President of Patient Care Services at NBIMC. (*Id.* ¶ 7). Defendant Hartney is the Director of Psychiatric Emergency Screening Services at NBIMC. (*Id.* ¶ 8).

On August 14, 2012, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") against NBIMC alleging discrimination on the bases of age, race, national origin, retaliation, disability, and military service. (D.E. No. 13-3, Cert. of Ryan S. Carey, Esq., Ex. 2, Charge). Per EEOC policy, the EEOC mailed a copy of Plaintiff's Charge to NBIMC, thereby formally notifying Defendants of Plaintiff's allegations of discrimination. (D.E. No. 15-1, Brief in Support of the Opposition to Defendant's Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Pl. Br.") 21). On August 30, 2012, the EEOC issued a Dismissal and Notice of Suit Rights to Plaintiff. (*Id.* at 22).

Plaintiff filed the instant lawsuit on November 21, 2012, alleging (1) discrimination on the basis of age; (2) discrimination on the basis of race; (3) violation of the Conscientious

Employee Protection Act ("CEPA"); (4) discrimination on the basis of military status; (5) discrimination on the basis of a disability; (6) harassment and hostile work environment; (7) violation of the Nurse Practice Act ("NPA"); (8) aiding and abetting wrongful behavior; and (9) breach of privacy in violation of policy.

On January 4, 2013, Defendants moved for partial dismissal of Plaintiff's Complaint. Specifically, Defendants request that this Court (1) dismiss all age discrimination claims against all Defendants under the Civil Rights Act of 1964, Title VII ("Title VII"), and dismiss all age discrimination claims against John Brennan, Zachary Lipner, Joanne Reilly, Mary Ellen Wiggins, Helen Hartney, John Does 1-10, and Jane Does 1-10 (collectively, "Individual Defendants") under the Age Discrimination in Employment Act of 1967 ("ADEA"); (2) dismiss all disability discrimination claims against all Defendants under Title VII and dismiss all disability discrimination claims against all Individual Defendants under the Age Discrimination Act ("ADA"); (3) dismiss all hostile work environment claims against all Individual Defendants under Title VII; (4) dismiss all claims against all Defendants under the NPA; and (5) dismiss all breach of privacy claims against all Individual Defendants. (D.E. No. 13-1, Defendants' Brief in Support of Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Fed. R. Civ. Proc. 12(b)(6) ("Def. Br.") 1-2).

Defendants further move to bar Plaintiff from asserting any claims of discrimination, harassment, or retaliation that pre-date June 13, 2012 because Plaintiff's EEOC Charge stated that such alleged actions happened no earlier or later than June 13, 2012. (*Id.* at 3). And as such, Plaintiff failed to exhaust his administrative remedies regarding any alleged claim or event that pre-dates June 13, 2012.

## II. Legal Standard

In evaluating the sufficiency of a complaint under Rule 12(b)(6), a court must "accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555). Thus, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element[s]." *Wilkerson v. New Media Tech. Charter Sch. Inc.,* 522 F.3d 315, 322 (3d. Cir. 2008) (quoting *Twombly,* 550 U.S. at 556).

When deciding a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citation omitted).

## III. Analysis

As an initial matter, the Court notes that Plaintiff concedes the dismissal of several claims. First, Plaintiff concedes the dismissal of his age and disability discrimination claims under Title VII as to all Defendants. (*See* Pl. Br. 11 ("It appears that the Civil Rights Act of 1964, Title VII provides no protection to employees based on age or disability.")). Second, Plaintiff concedes the dismissal of his claim alleging Defendants violated the NPA. (*See id.* at

25 ("It is conceded that a private cause of action is unavailable for violation of the Nurse Practice Act.")). Accordingly, Plaintiff requests that the Court allow him "to amend the Complaint to replace Violation of the Nurse Practice Act with a more cognizable cause of action." (*Id.*). Third, although Plaintiff does not outright concede the dismissal of his breach of privacy claim, he "request[s] that the Court allow Plaintiff to amend this cause of action to identify greater details of those involved in the breach of Plaintiff's privacy." (*Id.* at 26).

Therefore, the Court grants Defendants' motion with prejudice as to Plaintiff's claims of (1) age and disability discrimination against all Defendants under Title VII; and (2) violation of the NPA. The Court grants Defendants' motion without prejudice as to Plaintiff's breach of privacy claim against all Individual Defendants. The Court now addresses the remaining claims at issue.

### A. Individual Liability Under the ADA, the ADEA, and Title VII

First, Defendants submit that Plaintiff's claims under the ADA, the ADEA, and Title VII as to Individual Defendants must be dismissed because neither the ADA, the ADEA, nor Title VII provide for individual liability. (Def. Br. 8-11). "When addressing the question of individual liability under the ADA, the ADEA, and Title VII, courts look to case law under all three statutes." *DeJoy v. Comcast Cable Commc'ns Inc.*, 941 F. Supp. 468, 474 (D.N.J. 1996); *see also Kohn v. AT&T Corp.*, 58 F. Supp. 2d 393, 419 (D.N.J. 1999) ("When addressing the question of individual liability under these statutes . . . case law interpreting any of these statutes is relevant."). As the Third Circuit explains, "the ADA, ADEA and Title VII all serve the same purpose—to prohibit discrimination in employment against members of certain classes. Therefore, it follows that the methods and manner of proof under one statute should inform the

5

standards under the others as well." *Newman v. GHS Osteophathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 157 (3d Cir. 1995).

Specifically, "the ADEA, ADA and Title VII definitions of 'employer' are virtually identical."[4] *DeJoy*, 941 F. Supp. at 474; *see also Verdecchia v. Douglas A. Prozan, Inc.*, 274 F. Supp. 2d 712, 723 (W.D. Pa. 2003) ("The ADA and ADEA define eligible defendants identically to, and is interpreted consistently with, Title VII."). Third Circuit precedent clearly establishes that individual employees cannot be held liable under Title VII. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) ("Congress did not intend to hold individual employees liable under Title VII."); *Dici v. Commonwealth of Pa.*, 91 F.3d 542, 552 (3d Cir. 1996) ("[W]e conclude, for the reasons previously given by the court in *Sheridan* and the other courts of appeals, that individual employees cannot be held liable under Title VII.").

The Third Circuit extended this reasoning to the ADA, finding that "there appears to be no individual liability for damages under Title I of the ADA." *Koslow v. Commonwealth of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002). Furthermore, "[d]istrict court decisions in this Circuit have similarly rejected individual employee liability under [the ADEA, the ADA, and Title VII]." *Kohn*, 58 F. Supp. 2d at 420 (citation omitted); *see also Eckhaus v. Consol. Rail Corp.*, No. 00-

---

[4] The ADEA defines "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . [or] any agent of such a person . . . ." 29 U.S.C. § 630(b) (West 2013). The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year . . . and any agent of such person . . . ." 42 U.S.C. § 12111(5)(A) (West 2009). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b) (West 2013).

5748, 2003 WL 23205042, at *15 (D.N.J. Dec. 24, 2003) ("[C]ourts have treated ADEA claims against individuals much like those claims brought pursuant to the ADA and Title VII.") (citation omitted).

To be sure, Plaintiff does not cite to a single case supporting the proposition that the ADEA, the ADA, or Title VII provide for individual liability.[5] In light of the Third Circuit's clear precedent rejecting Plaintiff's position, the Court dismisses Plaintiff's claims under Title VII, the ADEA, and the ADA as to Individual Defendants.

**B.     Scope of Plaintiff's Discrimination Claims**

Defendants argue that Plaintiff's claims must be limited to those that occurred on June 13, 2012 because the EEOC could not have been expected to investigate any other claims based upon the information contained in the Charge. (Def. Br. 13-15). Accordingly, Defendants move for an Order barring Plaintiff from pursuing claims of discrimination, harassment, or retaliation that pre-date June 13, 2012. (*Id.* at 3).

Prior to commencing a lawsuit under Title VII, the ADA, or the ADEA, a plaintiff must first file a charge with the EEOC. *Webb v. City of Phila.*, 562 F.3d 256, 262 (3d Cir. 2009) (noting the administrative exhaustion requirement in the context of Title VII claims) (citation omitted); *see also Snyder v. Baxter Healthcare, Inc.*, 393 Fed. Appx. 905, 908 (3d Cir. 2010) ("[I]n order to maintain an action under the ADA or the ADEA, a Plaintiff is required to file a charge with the EEOC."). The purpose of this administrative exhaustion requirement

---

[5] It seems Plaintiff is attempting to bring a claim of individual liability through a theory of agency. (*See* Pl. Op. Br. 12-16). Nonetheless, the Court cannot at this time accept such a claim because Plaintiff's allegations in the Complaint do not support such a theory. Moreover, it is well settled "that a party cannot amend his complaint in a brief submitted in opposition to a motion to dismiss." *Pineda v. West Asset Mgmt, Inc.,* 2011 U.S. Dist. LEXIS 145973, at *8 (D.N.J. Dec. 20, 2011) (citing *Federico v. Home Depot,* 507 F.3d 188, 201–02 (3d Cir.2007)).

7

is to initiate the statutory scheme for remedying discrimination. Once the EEOC receives a charge, it is required to give notice to the employer and to make an investigation to determine whether there is reasonable cause to believe that the charge is true. If cause is found, the EEOC must attempt to use informal means of achieving a settlement of the dispute. If no reasonable cause is found, or if reconciliation attempts prove futile within a certain time, the charging party is issued a notice of his right to bring a civil action. Only after such a letter is received is a civil action permitted.

*Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 963 (3d Cir. 1978) (citations omitted).

"Because the EEOC is required to serve notice on the employer against whom the charges are made, this standard also allows an employer to be put on notice of the claims likely to be filed against it." *Barzanty v. Verizon Pa., Inc.*, 361 Fed. App'x. 411, 414 (3d Cir. 2010) (citation omitted).

Accordingly, "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination, including new acts which occurred during the pendency of the proceedings before the Commission." *Robinson v. Dalton*, 107 F.3d 1018, 1025-26 (3d Cir. 1997) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)). Moreover, a plaintiff's discrimination claims in a civil action must be "reasonably within the scope of the charge filed with the EEOC. Otherwise, the charging party could greatly expand an investigation simply by alleging new and different facts when he was contacted by the Commission following his charge." *Hicks*, 572 F.2d at 967.

To be sure, a plaintiff pursuing discrimination claims in federal court is not strictly limited to those claims "checked off in the box section on the front page of the Charge, nor even to the specific claims that the EEOC investigated pursuant to the Charge." *Carr v. N.J.*, No. 9-913, 2010 WL 2539782, at *4 (D.N.J. June 17, 2010) (citing *Hicks*, 572 F.2d at 963, 966). "Rather, the permitted scope of the lawsuit is any claim that should have been included in a

reasonable investigation conducted by the EEOC, based upon the information contained in the Charge." *Id.* (citing *Ostapowicz*, 541 F.2d at 398-99).

Here, Plaintiff's Charge [6] indicated that (1) the "earliest" date of the alleged discrimination was June 13, 2012; (2) the "latest" date of the alleged discrimination was June 13, 2012; and (3) the discrimination was not ongoing. (*See* Charge). Plaintiff attempts to broaden the scope of his claims by relying on his EEOC Intake Questionnaire filed on June 22, 2012. (Pl. Br. 19). Specifically, Plaintiff argues that his Intake Questionnaire "provided numerous facts that supported his various claims of discrimination which dated back to about 2011," and that he "should not be barred from raising all claims initially cited in the Intake Questionnaire." (*Id.* at 19, 23).

Plaintiff's argument is without merit. In *Barzanty*, the Third Circuit considered whether a plaintiff could pursue a hostile work environment claim where she included the claim in her Intake Questionnaire but not in her Charge of Discrimination. *Barzanty*, 361 Fed. App'x. at 412-13. The Third Circuit explicitly rejected the plaintiff's argument, holding that "[a] plaintiff

---

[6] The Court notes that "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Ruddy v. U.S. Postal Serv*, 455 F. App'x 279, 283 (3d Cir. 2011) ("The Magistrate Judge and District Court properly relied on Ruddy's EEOC file, which Ruddy referenced in his complaint and which is integral to his claim."); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993) (holding "that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"); *Gillyard v. Geithner*, No., 2012 WL 2036504, at *3 n.3 (E.D. Pa. June 5, 2012) ("In this case, Defendant puts forth several administrative documents for the Court to consider. Plaintiff does not dispute the authenticity of such documents and Plaintiff bases his claims, in part, on such documents . . . [t]herefore, the Court will consider these documents in deciding Defendant's Motion to Dismiss.") (internal citations omitted); *Rogan v. Giant Eagle, Inc*., 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) (finding that EEOC charge and dismissal and right to sue letter are central to a plaintiff's claim and do not convert a motion to dismiss into a summary judgment motion).

cannot be allowed to transfer the allegations mentioned only in the questionnaire to the charge itself." *Barzanty*, 361 Fed. App'x. at 415. The Court explained that "the EEOC Charge Form and the Intake Questionnaire serve different purposes." *Id.* at 415. Specifically,

> an Intake Questionnaire facilitates "pre-charge filing counseling" and allows the Commission to determine whether it has jurisdiction to pursue a charge. Moreover, the Intake Questionnaire is not shared with the employer during the pendency of the EEOC investigation. On the other hand, an EEOC Charge Form serves to define the scope of the Commission's investigation and to notify the defendant of the charges against it. A plaintiff cannot be allowed to transfer the allegations mentioned only in the questionnaire to the charge itself. Not only would this be circumventing the role of the Commission, but it would be prejudicial to the employer.

*Id.* (footnotes and citations omitted).

Thus, the Court held that the plaintiff's hostile work environment claim was "outside the scope of her charge of discrimination." *Id.* Courts in this District routinely apply the holding in *Barzanty* to confine the scope of a plaintiff's discrimination claims to those claims that reasonably arise from the plaintiff's EEOC charge. *See Noble v. Maxim Healthcare Serv., Inc.*, No. 12-2227, 2012 WL 3019443, at *10 (D.N.J. July 24, 2012) (barring plaintiff from asserting hostile work environment and harassment claims where plaintiff included the claims in his Intake Questionnaire but not in his Charge of Discrimination); *Carr*, 2010 WL 2539782, at *4 ("[W]hile courts may construe a Charge liberally to determine the proper scope of a reasonable EEOC investigation and the ensuing litigation, they have declined to use the Intake Questionnaire for that purpose."); *see also Roman v. Waste Mgmt. of N.J.*, No. 10-4337, 2011 WL 1807642, at *6 (D.N.J. May 12, 2011) (barring plaintiff from asserting claims of disparate impact and retaliation where plaintiff "did not include in his EEOC charge anything to suggest his claims for disparate impact or retaliation."); *Ventura v. Montclair State Univ.*, No. 08-5792, 2011 WL 550720, at *7-8 (D.N.J. Feb. 9, 2011) (barring plaintiff from asserting a hostile work

environment claim where plaintiff included the claim in a letter mailed to the EEOC but not in his EEOC charge).

Furthermore, Plaintiff's reliance on *Hicks* and *Robinson* is misplaced. In *Hicks*, the plaintiff filed suit in federal court alleging race and sex discrimination. *Hicks*, 572 F.2d at 962. The district court dismissed the sex discrimination claim because the plaintiff did not include such claim in his initial EEOC charge. *Id.* at 963. On appeal, the Third Circuit remanded because there remained genuine issues of material fact as to whether the plaintiff reasonably attempted to amend his charge to include the sex discrimination claim. *Id.* at 964. The Third Circuit explained that an improper refusal by the EEOC to permit the plaintiff to amend his charge "would create an excuse for the failure to file a sex discrimination charge." *Id.*

In *Robinson*, plaintiff filed a Title VII action alleging that he was fired from the Navy in retaliation for previously filing racial discrimination charges with the EEOC. 107 F.3d at 1019. The district court dismissed the retaliatory discharge claim because plaintiff did not include such claim in an official EEOC charge. *Id.* at 1020. On appeal, the Third Circuit remanded because there remained genuine issues of material fact as to whether the EEOC improperly failed to investigate plaintiff's retaliatory discharge claim. *Id.* at 1026. Specifically, the Third Circuit explained that plaintiff's three initial EEOC charges could have contained sufficient information to warrant an EEOC investigation into the retaliatory discharge claim. *Id.*

As Defendants point out, *Hicks* and *Robinson* involve plaintiffs who "were proactive about modifying and/or amending their respective EEOC Charges, but were rebuffed by the EEOC." (Def. Reply Br. 9 n.1). In both instances, the Third Circuit sought to prevent "[t]he individual employee [from being] penalized by the improper conduct of the Commission." *Hicks*, 572 F.2d at 964-65.

Here, Plaintiff Canete—and his attorney—signed the EEOC Charge and indicated that the "earliest" and "latest" date on which the discriminatory conduct took place was June 13, 2012. (Def. Reply Br. 8; Charge). Notably, Plaintiff did not check the box in the Charge to claim a continuing discriminatory action, nor did Plaintiff include any claims of discriminatory conduct that pre-date June 13, 2012 in the text portion of the Charge. (*Id.*). Moreover, Plaintiff made no attempt to modify or amend his Charge. (Def. Reply Br. 9 n.1).

To be sure, Plaintiff alleges several failures on the part of the EEOC in conducting its review of Plaintiff's charges. Specifically, Plaintiff asserts that the EEOC (1) failed to conduct a proper investigation, i.e., failed to investigate the claims asserted by Plaintiff in his Intake Questionnaire; (2) failed to notify him of the status of the investigation; and (3) failed to engage in conciliation. (Pl. Br. 22-23). Plaintiff argues that these failures constitute "narrow action by the EEOC as discussed in *Hicks*," and should not result in a bar to Plaintiff's claims that pre-date June 13, 2012. (*Id.* at 23).

First, as discussed *supra*, the EEOC conducts its investigation based on the information contained in the charge. *Barzanty*, 361 Fed App'x at 413. Importantly, any claims discovered by the EEOC during its investigation must be "reasonably within the scope of the charge filed with the EEOC." *Hicks*, 572 F.2d at 967. Because the charge stated that the "earliest" and "latest" date on which the discriminatory conduct took place was June 13, 2012, any claims that pre-date June 13, 2012 are not "reasonably within the scope of the charge."

Similarly, the fact that the EEOC did not notify Plaintiff of the status of its investigation does not excuse Plaintiff from failing to assert in his Charge claims that pre-date June 13, 2012. As noted in *Hicks*, even if the EEOC had discovered additional claims by communicating directly with the employee during its investigation, those claims must still be "reasonably within

the scope of the charge." *See id.* ("The district court must further find that the . . . claims which would have been uncovered were reasonably within the scope of the charge filed with the EEOC. Otherwise, the charging party could greatly expand an investigation simply by alleging new and different facts when he was contacted by the Commission following his charge.").

Indeed, courts have liberally construed charge language and required the EEOC to investigate more than is explicitly presented in the Charge. However, all have done so when a non-lawyer layperson filled out the Charge. *See Hicks,* 572 F.2d at 965 ("We have recognized that the individuals who draft charges are often not well vested in the art of legal description" and as a result, "the scope of the original charge should be liberally construed."); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 462-63 n. 4 (5th Cir. 1970) (noting that a layperson filling out a charge of discrimination might have difficulty articulating legal basis for alleged discrimination); *EEOC v. E.I. DuPont de Nemours & Co.,* 373 F.Supp. 1321, 1335 (D. Del. 1974) (explaining that the "precise language of the charge . . . provides less guidance for subsequent proceedings than the general character of the grievances to which the charge alludes" and that the charge is often drawn by a layperson who "perceives only dimly the nature and cause of the discrimination").

Here, as mentioned *supra*, Plaintiff was not a layperson acting without counsel when he filled out and signed the Charge. Instead, he was represented by Ms. Luretha M. Stribling, Esq., the very attorney presently moving before this Court. Ms. Stribling was a signatory to the Charge. As such, the Court is not persuaded by Plaintiff's attempt to misplace blame on the EEOC.

Finally, Plaintiff submits that the EEOC's "failure to conciliate" constitutes improper conduct. (Pl. Br. 22). Indeed, the EEOC "must attempt to use informal means of achieving a

settlement of the dispute" if it finds sufficient evidence of statutory violations. *Hicks*, 572 F.2d at 963. But "if no reasonable cause is found . . . the charging party is issued a notice of his right to bring a civil action." *Id.* Here, the EEOC conducted an investigation based on the information Plaintiff provided in his Charge, found insufficient evidence of statutory violations, and properly issued a Dismissal and Notice of Rights. (*See* D.E. No. 1-1, Compl., Ex. 1, EEOC Dismissal and Notice of Rights). Notably, Plaintiff and his attorney had the opportunity to seek an amendment of their Charge, but failed to do so.

Thus, the Court grants Defendants' motion seeking to bar Plaintiff from asserting any claims of discrimination that pre-date June 13, 2012. In sum, Plaintiff's remaining claims include: Count 1 (age discrimination against Barnabas Health and NBIMC under the ADEA and against all Defendants under the New Jersey Law Against Discrimination ("NJLAD")); Count 2 (racial discrimination against Barnabas Health and NBIMC under Title VII and against all Defendants under the NJLAD); Count 3 (violation of the Conscientious Employee Protection Act against all Defendants); Count 4 (military status discrimination against all Defendants under the Uniformed Services Employment and Reemployment Rights Act of 1994 and the NJLAD); Count 5 (disability discrimination against Barnabas Health and NBIMC under the ADA and against all Defendants under the NJLAD); Count 6 (harassment and hostile work environment against Barnabas Health and NBIMC under Title VII and against all Defendants under the NJLAD); and Count 8 (aiding and abetting wrongful behavior against all Defendants under the NJLAD).[7]

---

[7] Defendants also request that the Court disregard any arguments raised in Plaintiff's Counsel's Certification because it violates Local Civil Rule 7.2. (Def. Reply Br. 4-5). Plaintiff's Counsel's Certification does indeed contain numerous arguments of fact and law. (*See* D.E. No. 15, Cert. of Counsel in Support of the Opp. to Defendants' Motion for Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6), ¶¶ 5, 6, 7-8, 9). Accordingly, the Court grants Defendants' request and notes

## IV. Conclusion

For the foregoing reasons, Defendants' Motion for Partial Dismissal is granted *without prejudice*.[8]  Plaintiff shall have thirty days to file an amended complaint to cure the deficiencies outlined in the Court's Opinion.  An accompanying Order shall follow.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**

---

that Local Civil Rule 7.2(a) restricts affidavits to "statements of fact within the personal knowledge of the affiant." L. Civ. R. 7.2(a). Further, "[a]rguments of the facts and the law shall not be contained in affidavits." *Id.* Doing so "may subject the affiant to appropriate censure, sanctions or both." *Id.* The Court will not go so far as to sanction Plaintiff's Counsel, but will disregard Counsel's affidavit as it is in clear violation of Local Civil Rule 7.2(a).

[8] However, as mentioned in Section III of the Opinion, the Court dismisses Plaintiff's claims of (1) age and disability discrimination against all Defendants under Title VII and (2) violation of the NPA *with prejudice*.